■ JOHN WISE, Appellant-Respondent, v TRANSCO, INC., Respondent-Appellant, and HOWARD S. GROSS et al., as Trustees under TRANSCO, INC., SALARIED EMPLOYEES' PROFIT SHARING TRUST, Respondent.—Order unanimously affirmed, without costs. Memorandum: We agree with Special Term that the issues pertaining to the validity of the restrictive covenant contained in paragraph 9 of the employment contract may not be summarily decided on motion. As stated in *Matter of Sprinzen (Nomberg)* (46 NY2d 623, 632): "Each case turns upon its own distinct facts. If the restrictive covenant is found, under all the circumstances, to be 'reasonable in time and area, necessary to protect the employer's legitimate interests, not harmful to the general public and not unreasonably ,burdensome to the employee', it will be subject to specific enforcement." We are mindful of the decision in *Post v Merrill Lynch, Pierce, Fenner & Smith* (48 NY2d 84), holding that the "employee choice" doctrine enunciated in *Kristt v Whelan* (4 AD2d 195, affd 5 NY2d 807) does not apply when an employee is involuntarily discharged without cause. *Post v Merrill Lynch, Pierce, Fenner & Smith (supra),* however, involved forfeiture of rights under a company-funded pension plan. The court noted the "strong public policy against forfeiture of employee benefits manifested by the Employee Retirement Income Security Act * * * [and that] had the relevant provisions of ERISA been in effect at the time of termination of these appellants' employment, its mandatory provisions might well have been dispositive in this case and have precluded the forfeiture countenanced by the court below." *(Post v Merrill Lynch, Pierce, Fenner & Smith, supra,* p 88.) While plaintiff was involuntarily discharged, this restrictive covenant does not involve a forfeiture of rights under an "employee pension benefit plan" that would be covered by ERISA. We do not think, therefore, that under *Post v Merrill Lynch, Pierce, Fenner & Smith (supra),* the forfeiture was unreasonable as a matter of law solely because the discharge was involuntary. Special Term did not abuse its discretion in awarding attorneys' fees in connection with its order granting summary judgment and dismissing plaintiff's second cause of action which alleged that the Transco profit-sharing plan was not in compliance with ERISA (see US Code, tit 29, § 1132, subd [g]). (Appeals from order of Erie Supreme Court—summary judgment.) Present—Cardamone, J. P., Hancock, Jr., Schnepp, Callahan and Moule, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAYTON J. WEATHERS, Appellant.—Case held, decision reserved and matter remitted to Monroe County Court for a hearing and findings on the issue of defendant's waiver of his right to be present at the trial of the indictment. (Appeal from judgment of Monroe County Court—robbery, first degree, and other charges.) Present—Simons, J. P., Hancock, Jr., Doerr, Witmer and Moule, JJ.