■ FTL COMPANY, INC., Respondent, v CHASE MANHATTAN BANK, N. A., Appellant.—Order of the Supreme Court, New York County, entered February 27, 1980, which denied defendant-appellant's motion for summary judgment to dismiss the complaint of plaintiff-respondent on the ground of *res judicata* and collateral estoppel, unanimously affirmed, with costs. The inadequacy of the record, particularly the lack of reasons for the reduction of plaintiff-respondent's claim against the shipper Interstate from $34,355.43 to $4,707.93 by the Bankruptcy Court, precludes us from determining on the merits whether the doctrine of collateral estoppel should be applied, as now contended by defendant-appellant. For the same reason—inadequacy of the record—we are unable to determine whether, as claimed by defendant-appellant, plaintiff-respondent has been paid in full so as to bar the present action. Concur—Birns, J. P., Fein, Sullivan, Lupiano and Bloom, JJ.

■ LEE H. MILLER, Appellant, v STANLEY LASDON et al., Respondents.—Order, Supreme Court, New York County, dated January 29, 1980, granting defendants' motion for partial summary judgment dismissing so much of plaintiff's complaint as seeks recovery for lost earnings and profits, and severing the action accordingly, is unanimously reversed, on the law, and said motion for partial summary judgment is denied, with costs. However difficult it may be for plaintiff to establish the loss of profits in a new and untried business, we think plaintiff should have the opportunity to try to establish such profits upon the trial. Concur—Kupferman, J. P., Sandler, Ross and Carro, JJ.

Silverman, J., concurs in a memorandum as follows: I concur in the reversal. I am almost prepared to say that we can take judicial notice of the fact that there is no way to establish satisfactorily that an untried business to be conducted by persons never in that business before will be profitable, and in a given amount. The uncertainties of economic life are just too great. However, there is no separate cause of action for loss of profits but only a general claim for $500,000, which includes loss of earnings and profits, moneys expended and obligations incurred (although the bill of particulars does allocate over $450,000 of the $500,000 claimed damages to such loss of earnings and profits). Perhaps it is just as well not to attempt at this stage to decide the measure of plaintiff's recovery if plaintiff does establish liability.