■ ROBERT C. CIFONE et al., Appellants, v CITY OF POUGHKEEPSIE et al., Respondents. [650 NYS2d 797] —In an action to recover damages based on the wrongful withholding of a building permit, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Jiudice, J.), dated December 15, 1995, as granted that branch of the defendants' motion which was for partial summary judgment dismissing so much of the complaint of the plaintiff Robert C. Cifone which was to recover damages for loss of future profits.

Ordered that the appeal of Robert J. Cifone is dismissed, without costs or disbursements, as that plaintiff is not aggrieved by the portion of the order appealed from; and it is further,

Ordered that the order is reversed insofar as appealed from by Robert C. Cifone, on the law, without costs or disbursements, that branch of the defendants' motion which was for partial summary judgment dismissing so much of the complaint of the plaintiff Robert C. Cifone which was to recover damages for loss of future profits is denied, and that portion of the complaint of the plaintiff Robert C. Cifone is reinstated.

"[T]here is no per se rule precluding a new business from recovering lost profits" *(Kenford Co. v County of Erie,* 108 AD2d 132, 141, *affd* 67 NY2d 257; *see also, Greasy Spoon v Jefferson Towers,* 75 NY2d 792; *Miller v Lasdon,* 78 AD2d 628; *cf., Matter of Mehta v New York City Dept. of Consumer Affairs,* 162 AD2d 236; *Manniello v Dea,* 92 AD2d 426). A claim based on the loss of anticipated profits in connection with a thwarted business venture may be proved by methods other than by ref-

erence to the actual past profit-making "experience" of the enterprise in question, provided that the future profits can be calculated with "reasonable certainty" *(Ashland Mgt. v Janien,* 82 NY2d 395, 404; *Kenford Co. v County of Erie, supra).* The defendants' argument in favor of a "per se" rule in cases of new enterprises which lack such actual experience is thus without merit. Because the defendants failed to make a showing that they were entitled to judgment as a matter of law on this point, the plaintiff Robert C. Cifone had no obligation to come forward with evidence proving the extent of his loss of profits *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853; *cf., Brauner v Columbia Broadcasting Sys.,* 221 AD2d 306).

The plaintiffs do not challenge the Supreme Court's grant of summary judgment dismissing the complaint of Robert J. Cifone on the basis that he is "not a proper party plaintiff". We therefore do not pass on this issue. Bracken, J. P., O'Brien, Friedmann and Krausman, JJ., concur.