**ENVIRONMENTAL INDUSTRIAL SERVICES CORPORATION, Plaintiff,**

v.

**Edward SOUDERS, Defendant.**

No. CIV.A.03–221–JJF.

United States District Court, D. Delaware.

Feb. 13, 2004.

Chad Michael Shandler, Richards, Layton & Finger, Wilmington, DE, Of Counsel, Mark D. Schorr, Kathleen M. DalCortivo, Sterns and Weinroth, Trenton, NJ, for Plaintiff.

Christopher J. Curtin, Erisman & Curtin, Wilmington, DE, for Defendant.

## OPINION

FARNAN, District Judge.

Presently before the Court are two motions, the Motion To Vacate Arbitrator's Award (the "Motion To Vacate") filed by Environmental Industrial Services Corporation ("Environmental") (D.I. 24) and the Notice Of Arbitration Award And Motion To Enter Judgment (the "Motion To Enter Judgment") filed by Defendant. (D.I. 17.) For the reasons discussed, the Court will deny Environmental's Motion To Vacate (D.I. 24) and grant Defendant's Motion To Enter Judgment. (D.I. 17.)

## BACKGROUND

Environmental is a closely held corporation and its rights and obligations to its shareholders are governed by a Stock Purchase Agreement (the "SPA"). Defendant is an ex-employee and shareholder of Environmental who compelled arbitration pursuant to the SPA following his termination from employment. Following hearings and the consideration of submissions by the parties, the arbitrator entered a decision and award[1] against Environmen-

---

1. For clarity, the Court will refer to the arbitrator's determination that Environmental must buy-out Defendant's shares as the "decision" and the arbitrator's conclusion that Defendant was entitled to a lump-sum payment as the "award."

tal and in favor of Defendant in the amount of $300,061.01. Defendant subsequently filed a Motion To Enter Judgment (D.I. 17) with this Court in the amount awarded by the arbitrator. (D.I. 17.) In opposition to Defendant's Motion To Enter Judgment, Environmental filed its Motion To Vacate the arbitrator's award. (D.I. 24.)

## I. Parties' Contentions

Environmental contends that Defendant's Motion To Enter Judgment is procedurally deficient and should be denied because Defendant seeks judgment pursuant to the Alternative Dispute Resolution Act of 1998, 28 U.S.C. § 657(a), and not the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* Further, Environmental contends that the arbitrator's decision was in manifest disregard of New York law and should be vacated. Specifically, Environmental contends that the arbitrator ignored law excusing its obligation to buy-out Defendant's shares because Defendant committed a material breach of the SPA. Environmental also contends that the arbitrator's award is erroneous because the arbitrator ordered Environmental to buy-out Defendant's shares in a lump-sum payment, contrary to the terms of paragraph 9 of the SPA.

In response, Defendant contends that under either the Alternative Dispute Resolution Act, 28 U.S.C. § 657, or the Federal Arbitration Act, 9 U.S.C. § 9, the Court should enter judgment confirming the arbitrator's decision and award. Defendant contends that he did not commit a material breach of the SPA thereby relieving Environmental of its obligation to buy-out his equity interests because the non-competition clause he allegedly breached was unenforceable, was an independent covenant, was waived by Environmental, and because his breach was excused by Environmental's breach of its contractual duties. In addition, Defendant contends that the arbitrator's award of a lump-sum payment was not in contravention of the SPA because of an acceleration clause in the agreement.

## STANDARD OF REVIEW

A court's function in reviewing an arbitrator's award is " 'severely limited.' " *Mutual Fire, Marine & Inland Ins. Co. v. Norad Reins. Co., Ltd.,* 868 F.2d 52, 56 (3d Cir.1989) (quoting *Swift Indus. v. Botany Indus.,* 466 F.2d 1125, 1130 (3d Cir.1972)). A court's role is limited to a determination of whether the arbitrator's award "can be rationally derived either from the agreement between the parties or from the parties' submissions to the arbitrator." *Id.* An arbitrator's decision should only be vacated if the award exhibits a "manifest disregard" of applicable law. *United Transp. Union Local 1589 v. Suburban Transit Corp.,* 51 F.3d 376, 379 (3d Cir.1995)(interior quotation omitted). Manifest disregard is found where the record indicates that the arbitrator recognized applicable law and consciously chose to ignore it. *Id.* A court may not vacate an award merely because it disagrees with the arbitrator's decision. *Id.* Further, when an arbitrator has not articulated a rationale for his or her decision, a court will confirm an award if " 'a ground for the arbitrator['s] decision can be inferred from the facts of the case.' " *Grosso v. Barney,* 2003 WL 22657305 at *5 (E.D.Pa. Oct.24, 2003)(quoting *Willemijn Houdstermaatschappij, BV v. Standard Microsys. Corp.,* 103 F.3d 9, 13 (2d Cir.1997)).

## DISCUSSION

As an initial matter, the Court rejects Environmental's claims of procedural deficiency. Although Defendant's Motion To Enter Judgment is procedurally proper under 9 U.S.C. § 9 and not 28 U.S.C. § 657, the Court will ignore Defendant's

procedural error because 9 U.S.C. § 9 permits a party to move for confirmation within one year of an arbitrator's award. The instant motion is well within this one-year confirmation period, and accordingly, the Court will not require the litigants to incur unnecessary expenses in refiling for confirmation under 9 U.S.C. § 9. Thus, the Court will consider Defendant's Motion To Enter Judgment (D.I. 17) as having been filed under the applicable provision of the Federal Arbitration Act, 9 U.S.C. § 9, and not Section 657 of the Alternative Dispute Resolution Act.

## II. Whether The Arbitrator's Decision In Favor Of Defendant Was In Manifest Disregard Of New York Law

■ Following a review of the parties' submissions and the applicable law, the Court is not persuaded that the arbitrator's decision in favor of Defendant was in manifest disregard of New York law.[2] *Mutual Fire,* 868 F.2d at 56; *United Transp.,* 51 F.3d at 379. The arbitrator's decision was issued, as agreed by the parties, without written rationale. Therefore, in order to vacate the decision, Environmental must demonstrate that no grounds exist by which the arbitrator's decision can be inferred from the facts of the instant case. *See Grosso,* 2003 WL 22657305 at *5. Environmental cannot sustain this burden of proof because the arbitrator's decision is rationally derived from the SPA and submissions of the parties. *Mutual Fire,* 868 F.2d at 56.

As an initial matter, the Court concludes that the facts in this case could support a finding that the non-competition clause and buy-out obligations of the SPA were independent covenants, and therefore, even if Defendant breached the non-competition clause, he would remain entitled to a buy-out of his shares by Environmental.

■■ Whether covenants are mutually dependent or independent is determined " 'by the intention and meaning of the parties, as expressed by them, and by the application of common sense to each case submitted for adjudication.' " *Greasy Spoon Inc. v. Jefferson Towers, Inc.,* 75 N.Y.2d 792, 552 N.Y.S.2d 92, 551 N.E.2d 585, 587 (1990)(quoting *Rosenthal Paper Co. v. Nat'l Folding Box & Paper Co.,* 226 N.Y. 313, 123 N.E. 766 (1919)). In the instant case, the non-competition and buy-out provisions in the SPA involve different remedies and distinct time periods for performance. Thus, grounds exist for a determination that the non-competition and buy-out provisions were independent covenants.

Further, the Court concludes that the arbitrator could rationally have concluded that the non-competition clause was not enforceable under New York law. In *Post v. Merrill Lynch, Pierce, Fenner & Smith, Inc., et al.,* 48 N.Y.2d 84, 421 N.Y.S.2d 847, 397 N.E.2d 358 (1979), the court placed limits on the enforceability of non-competition clauses. The plaintiff in *Post,* after being involuntarily terminated without cause and having begun alternative employment with a competitor, was informed that he had forfeited his pension benefits as a result of his breach of a non-competition clause. The *Post* court held that this forfeiture was impermissible because when an "employer terminates the employment relationship without cause ... his action necessarily destroys the mutuality of obligation on which the covenant [of non-competition] rests as well as the employer's ability to impose a forfeiture." *Id.*

Environmental attempts to distinguish *Post* by citing a subsequent New York case, *Wise v. Transco, Inc.,* 73 A.D.2d 1039, 425 N.Y.S.2d 434 (N.Y.App.Div. 1980). However, the Court is not persuad-

---

**2.** The parties agree that New York law gov-   erns the instant lawsuit.

ed by Environmental's attempts to limit the effect of *Post's* holding. In *Wise,* the court denied a terminated employee summary judgment on the issue of whether a non-competition clause was unenforceable for the "sole" reason that he was involuntarily terminated. *Id.* The court reasoned that if further proceedings demonstrated that the non-competition clause was reasonable and not unduly burdensome it would be subject to specific enforcement. *Id.* However, unlike *Wise,* in the instant action the Court is not confronted with a summary judgment motion where the "sole" basis for a party's motion is the fact that he or she was involuntarily terminated. Instead, in order to confirm the arbitrator's decision in favor of Defendant the Court must only determine that some grounds exist that would permit the arbitrator to conclude that the non-competition clause was unenforceable. The Court concludes that facts present in the instant action support the arbitrator's decision.

In the arbitration hearing, the arbitrator heard testimony and/or received evidence regarding Environmental's refusal to perform its buy-out obligation within sixty days of Defendant's termination. Additionally, the arbitrator was presented with evidence that Defendant was involuntarily terminated and potentially fired without cause. Based on these facts, the Court concludes that grounds exist which permit the inference that the non-competition clause at issue was unenforceable as unduly burdensome because enforcement of the non-competition clause without Environmental's performance of its buy-out obligations could have left Defendant without any source of income for an extended period of time.

In sum, the viability of the two foregoing theories persuades the Court that the arbitrator's decision in favor of Defendant is not in "manifest disregard of the law," *Grosso,* 2003 WL 22657305 *2, nor "com-

pletely irrational." *Mutual Fire,* 868 F.2d at 56. Thus, the Court will deny Environmental's Motion To Vacate the arbitrator's decision.

## III. Whether The Arbitrator's Award Of A Lump Sum Payment Was In Manifest Disregard Of The SPA

Environmental contends that the arbitrator exceeded his authority by awarding a lump-sum payment to Defendant. Environmental contends that the SPA provides for a pay-out period of five years and that the lump-sum payment awarded by the arbitrator violates the principles prescribed for arbitration awards in the Third Circuit. Environmental cites two Third Circuit cases in support of its contention, *Pennsylvania Power Co. v. Local Union No. 272 of the Int'l Bhd. of Elec. Workers, AFL–CIO,* 276 F.3d 174 (3d Cir.2001), and *Pennsylvania Power Co. v. Local Union No. 272 of the Int'l Bhd. of Elec. Workers, AFL–CIO,* 886 F.2d 46 (3d Cir.1989).

The two Third Circuit cases relied on by Environmental teach the same basic principle: that a reviewing court will vacate an arbitrator's award if it cannot rationally be derived from the agreement at issue. *Pennsylvania Power Co.,* 276 F.3d at 178 (stating that a court will vacate an arbitration award if it does not " 'draw[ ] its essence from the collective bargaining agreement' and the arbitrator is dispensing his or her own 'brand of industrial justice.' ")(quoting *United Steelworkers of Am. v. Enter. Wheel & Car Corp.,* 363 U.S. 593, 597, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960)(omission in original)); *Pennsylvania Power Co.,* 886 F.2d at 48 (stating that a court "will not vacate an arbitrator's arbitrability decision unless it cannot rationally be derived from the collective bargaining agreement.") (citation omitted). Further, paragraph 20 of the SPA states that an arbitrator is confined

to a "strict interpretation" of its terms. (D.I. 3, Ex. F.) Applying the "strict interpretation" of the SPA with the principles provided by the *Pennsylvania Power* cases, the Court concludes that Environmental has not demonstrated that the arbitrator's award of a lump-sum payment to Defendant was in manifest disregard of the SPA.

Paragraph 7(a) of the SPA provides that in the event of an employee's termination, Environmental shall purchase the terminated employee's shares no later than sixty days following his or her termination. (D.I. 3, Ex. F.) In addition, paragraph 9(a) provides that in the event of any default not cured within thirty days, all payments shall become immediately due. *Id.* Defendant was terminated on April 12, 2001, and the arbitrator made his award on May 23, 2003. At the time of the arbitration award, Environmental had not fulfilled its buy-out obligations to Defendant. This exceeded the sixty day buy-out period provided by paragraph 7(a) and the thirty day curative period in paragraph 9(a).

Despite the expiration of these time periods, Environmental contends that the arbitrator's award mandating payment acceleration was not permitted under the terms of the SPA because it never refused to buy-out Defendant's shares. Instead, Environmental contends that the delay in purchasing Defendant's shares was due to a dispute over the appropriate buy-out price for his shares. In addressing Environmental's objection, the Court observes that under the express terms of the SPA the arbitrator could have rejected Environmental's claims of a valuation dispute and concluded that its delay amounted to a default of its buy-out obligations. The arbitrator could have concluded that the parties, in drafting the SPA, did not intend for Environmental to be able to indefinitely postpone its buy-out obligations by asserting the existence of a valuation dispute.

In sum, the Court concludes that the arbitrator, in awarding a single lump-sum payment to Defendant, did not act in manifest disregard of the SPA.

## CONCLUSION

For the reasons discussed, the Court concludes that the arbitrator's: 1) decision in favor of Defendant was not in manifest disregard of New York law, and 2) lump-sum award was not in manifest disregard of the SPA.

An appropriate Order will be entered.

## *ORDER*

At Wilmington, this 13th day of February, 2004, for the reasons discussed in the Opinion issued this date;

NOW THEREFORE, IT IS HEREBY ORDERED that:

1) Environmental Industrial Services Corporation's ("Environmental") Motion To Vacate Arbitrator's Award (D.I. 24) is *DENIED;*

2) The Defendant, Edward Souders's, Notice Of Arbitration Award And Motion To Enter Judgment (D.I. 17) is *GRANTED.*

3) The Parties are directed to submit to the Court the arbitrator's award and a Proposed Judgment Order entering judgment in favor of Defendant in the amount awarded by the arbitrator.