Sconiers and Whalen, JJ.
(dissenting). We respectfully dissent. In our view, Supreme Court properly denied the motion of Jay Braymiller (defendant) for summary judgment dismissing the complaint against him inasmuch as defendant failed to meet his initial burden of establishing that the doctrine of collateral estoppel bars plaintiffs action against him.
There is no question that the doctrine of collateral estoppel “gives preclusive effect” to the determination of a quasi-judicial agency like the Workers’ Compensation Board (Board) as long as “two basic conditions are met: (1) the issue sought to be precluded is identical to a material issue necessarily decided by the administrative agency in a prior proceeding; and (2) there was a full and fair opportunity to contest th[at] issue in the administrative tribunal” (Jeffreys v Griffin, 1 NY3d 34, 39 [2003]; see Staatsburg Water Co. v Staatsburg Fire Dist., 72 NY2d 147, 153 [1988]). Courts have discretion in deciding whether to apply the doctrine of collateral estoppel (see Calhoun v Ilion Cent. School Dist. [appeal No. 2], 90 AD3d 1686, 1689 [2011]; Matter of Russo v Irwin, 49 AD3d 1039, 1041 [2008]), and the decision whether it is proper to do so “depends upon ‘general notions of fairness involving a practical inquiry into the realities of the litigation’ ” (Jeffreys, 1 NY3d at 41, quoting Matter of Halyalkar v Board of Regents of State of N.Y., 72 NY2d 261, 268 [1988]). “The proponent of collateral estoppel as the basis for the granting of summary judgment has the burden of demonstrating” that both basic conditions are met (S.D.I. Corp. v Fireman’s Fund Ins. Cos., 208 AD2d 706, 708 [1994]). We conclude that, here, defendant failed to meet his burden with respect to the first condition, i.e., that he failed to demonstrate that the issue whether an accident in fact occurred was clearly raised and decided in a prior workers’ compensation proceeding (see Rigopolous v American Museum of Natural History, 297 AD2d 728, 729 [2002]; see generally Jeffreys, 1 NY3d at 39). The record before us, which does not contain any excerpts from the transcript of the hearing on plaintiffs workers’ compensation claim or the documentation relied upon by the Workers’ *1267 Compensation Law Judge and the Board that decided that claim, simply does not establish as a matter of law whether that issue was “addressed and decided” in the proceeding (Madden v Pine Hill-Kingston Bus Corp., 288 AD2d 600, 601 [2001]; Capitaland United Soccer Club v Capital Dist. Sports & Entertainment, 238 AD2d 777, 780 [1997]). Moreover, we note that the Board found in its decision “that no accident occurred as [plaintiff] has alleged, based on [his] lack of credibility” (emphasis added), which is not equivalent to a finding that no accident occurred at all. In sum, we conclude that “[t]he inadequacy of the record . . . precludes us from determining on the merits whether the doctrine of collateral estoppel should be applied” (FTL Co. v Chase Manhattan Bank, N. A., 78 AD2d 628, 628 [1980]).
We also conclude that there is an issue of fact with respect to the second condition, i.e., whether plaintiff had a fair and full opportunity to litigate the disputed issue before the Board (see generally Jeffreys, 1 NY3d at 39). Indeed, the record establishes that plaintiff did not receive sufficient notice that his employer was challenging in the workers’ compensation proceeding whether a work-related accident actually occurred (see Jenkins v Meredith Ave. Assoc., 238 AD2d 477, 479 [1997]). The form entitled “C-7 Notice That Right To Compensation Is Controverted” (hereafter, C-7 Notice), which was submitted by defendant in support of his motion, did not put plaintiff on notice that his employer was challenging the issue whether an accident in fact occurred. The C-7 Notice contains boxes that an employer may check to indicate the issues being raised in the proceeding. Here, plaintiff’s employer checked boxes titled “Employer-Employee Relationship,” “Causally Related Accident or Occupational Disease,” “Proper Carrier,” and “General or Special Employment.” The remaining boxes — “Accident within meaning of Workers’ Compensation Law,” “Accident Arising Out Of and in the Course of Employment,” and “Subject Matter Jurisdiction” — were left unchecked. Although plaintiff’s employer raised an issue whether plaintiffs injuries were causally related to the alleged accident because of a prior work-related injury that plaintiff had sustained, we note that the issue of injury causation is different from the issue whether an accident occurred at all. We also note that defendant failed to include in his motion submissions a copy of the transcript of the hearing, thereby preventing us from determining whether plaintiff was put on notice that his employer was controverting the issue whether the accident actually occurred. We therefore conclude that there is a question of fact whether plaintiff had a full and fair opportunity to litigate that issue before the Board (see id.).
Present — Centra, J.R, Peradotto, Carni, Sconiers and Whalen, JJ.