██ Wathne Imports, Ltd., Appellant, v PRL USA, Inc., et al., Respondents. [998 NYS2d 890]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered March 13, 2014, which, to the extent appealed from, granted defendants' motion in limine to preclude plaintiff's CEO from offering any testimony on damages, unanimously reversed, on the facts, without costs, and the motion denied. Appeal from order, same court and Justice, entered April 4, 2014, which denied plaintiff's motion to renew defendants' motion to preclude, unanimously dismissed, without costs, as moot. Order, same court and Justice, entered July 23, 2014, which denied plaintiff's motion pursuant to CPLR 3101 (h) to supplement its discovery responses on the issue of damages, unanimously reversed, on the facts, without costs, and the motion granted.

Under the circumstances of this case, the in limine order granting defendants' motion to prelude that witness's testimony on damages is appealable.

Plaintiff's CEO has the requisite personal knowledge of the relevant business areas and information to render her competent to testify as to plaintiff's lost profits, including offering estimates or projections of lost sales and profits (see Ashland Mgt. v Janien, 82 NY2d 395, 406 [1993]; Greasy Spoon v Jefferson Towers, 75 NY2d 792, 795-796 [1990]). The witness had been CEO of plaintiff throughout plaintiff's 25-year relationship with defendants, and had participated in all relevant aspects of plaintiff's business. The weaknesses identified by defendants in the witness's analysis bear on the credibility, not the admissibility, of her testimony (see e.g. Wathne Imports, Ltd. v PRL USA, Inc., 101 AD3d 83, 89 [1st Dept 2012]).

As plaintiff's motion to supplement its discovery responses on damages was denied on the sole ground that the CEO's testimony was inadmissible, the denial of that motion was also error. Concur—Friedman, J.P., Andrias, Saxe, Richter and Gische, JJ. **[Prior Case History: 2014 NY Slip Op 30261(U).]**