Hampton Dune Holdings, Inc. v South Shore Docks, Inc.
2026 NY Slip Op 03667
June 10, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Hampton Dune Holdings, Inc., et al., respondents,
v
South Shore Docks, Inc., appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 10, 2026
2025-10441, (Index No. 600971/20)
Francesca E. Connolly, J.P.
Paul Wooten
Janice A. Taylor
Lisa S. Ottley, JJ.

Hill Rivkins LLP, New York, NY (Charles M. Henderson III of counsel), for appellant.
The Law Firm of Elias C. Schwartz, PLLC, Great Neck, NY (Elizabeth Tobio of counsel), for respondents.

[*1]
DECISION & ORDER
In an action to recover damages for breach of contract, negligence, and unjust enrichment, the defendant appeals from an order of the Supreme Court, Suffolk County (Kathy G. Bergmann, J.), dated August 6, 2025. The order, insofar as appealed from, denied that branch of the defendant's motion which was for summary judgement dismissing so much of the complaint as sought to recover damages for lost profits.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In December 2018, the plaintiffs hired the defendant to rebuild a navy wall bulkhead in front of a fuel dock. During the course of the work, the defendant allegedly damaged an existing fuel pump, causing the fuel lines to be compromised and breached, which enabled sea water to enter and contaminate the plaintiffs' fuel lines, fuel pump, and fuel storage tanks.
The plaintiffs commenced this action to recover damages for breach of contract, negligence, and unjust enrichment. Thereafter, the defendant moved, inter alia, for summary judgment dismissing so much of the complaint as sought to recover damages for lost profits. The Supreme Court denied that branch of the defendant's motion, and the defendant appeals.
The proponent of a motion for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any triable issues of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Failure to make such a prima facie showing requires denial of the motion regardless of the sufficiency of the opposing papers (see Alvarez v Prospect Hosp., 68 NY2d at 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853). A moving defendant does not establish its prima facie entitlement to judgment as a matter of law by merely pointing to gaps in the plaintiff's case; rather, the moving defendant must affirmatively demonstrate the merit of its claim or defense (see Conklin v Westchester County, 247 AD3d 1135, 1136; Cooper v First In Queens, Inc., 229 AD3d 761, 763). Further, a party moving for summary judgment cannot meet its prima facie burden by submitting evidence for the first time in reply (see Wells Fargo Bank, N.A. v Lefkowitz, 171 AD3d 843, 844; Arriola v City of New York, 128 AD3d 747, 749).
The requirement that damages be reasonably certain does not require absolute certainty (see Ashland Mgt. v Janien, 82 NY2d 395, 403). Damages resulting from the loss of future profits are often an approximation, and the law does not require that they be determined with mathematical precision (see id.). Whether the claim involves an established business or a new business, the test remains the same, i.e., whether future profits can be calculated with reasonable certainty (see id. at 404). Thus, a claim based on the loss of anticipated profits may be proved by methods other than by reference to the actual past profit-making experience of the enterprise in question, provided that the future profits can be calculated with reasonable certainty (see Cifone v City of Poughkeepsie, 234 AD2d 331, 331-332).
Here, the defendant failed to establish its prima facie entitlement to judgment as a matter of law, as its submissions in support of its motion failed to demonstrate that the plaintiffs' lost profits could not be calculated with reasonable certainty (see Ashland Mgt. v Janien, 82 NY2d at 406; Greasy Spoon v Jefferson Towers, 75 NY2d 792, 796; see also Wathne Imports, Ltd. v PRL USA, Inc., 101 AD3d 83, 90). Contrary to the defendant's contention, the Supreme Court properly did not consider an affirmation of the defendant's expert, which was improperly submitted for the first time in the defendant's reply papers (see 6014 Eleventh Ave. Realty, LLC v 6014 AH, LLC, 114 AD3d 661, 662).
The defendant's remaining contention is without merit.
Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as sought to recover damages for lost profits regardless of the sufficiency of the opposing papers (see Alvarez v Prospect Hosp., 68 NY2d at 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
CONNOLLY, J.P., WOOTEN, TAYLOR and OTTLEY, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court