■ BROOK SHOPPING CENTERS, INC., Respondent, v ALLIED STORES GENERAL REAL ESTATE COMPANY et al., Appellants.—In an action, inter alia, for a judgment declaring that the defendants are obligated to pay 20.81% of the cost of maintenance of the Cross County Shopping Center, the defendants appeal from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered July 27, 1989, as denied their motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs.

It is well settled that "[t]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (Winegrad v New York Univ. Med. Center, 64 NY2d 851, 853; Zuckerman v City of New York, 49 NY2d 557, 562). The failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers (see, Winegrad v New York Univ. Med. Center, supra; Coley v Michelin Tire Corp., 99 AD2d 795). The defendants have failed to meet their burden.

The instrument which is the subject of this action is ambiguous and subject to different interpretations with respect to the meaning of the terms "obligation of maintenance" and "project area." Where the intent of the parties depends upon a choice between reasonable inferences to be drawn from extrinsic evidence, interpretation must be determined by the trier of fact (see, River Park Assocs. v Meyerbank Elec. Co., 116 AD2d 709, 710; Hartford Acc. & Indem. Co. v Wesolowski, 33

NY2d 169, 172). At bar, the supporting and opposing papers do not unequivocally clarify the parties' intent. Therefore there are triable issues of fact concerning the intention of the parties *(see, Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 291; *Yogurts Intl. v Grand Union Co.,* 92 AD2d 936).* Brown, J. P., Kooper, Harwood and Balletta, JJ., concur.