■ PENGUIN 3RD AVENUE FOOD CORP., Respondent, v BROOK-ROCK ASSOCIATES, Appellant.—In an action, *inter alia,* for a judgment declaring that the plaintiff has the right to make certain alterations to leased premises, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Williams, J.), entered November 21, 1989, which (1) granted the plaintiff's motion for summary judgment on its first and second causes of action, (2) declared that the plaintiff was entitled to make the proposed alterations and that the defendant was obligated to sign the requisite governmental forms to facilitate the alterations, and (3) directed the defendant to permit the proposed alterations to go forward.

Ordered that the order and judgment is affirmed, with costs.

The plaintiff Penguin 3rd Avenue Food Corp. (hereinafter

Penguin) is the tenant by an assignment of a leasehold interest in premises owned by the defendant Brook-Rock Associates (hereinafter Brook-Rock), consisting of a supermarket building and a parking lot located at 9408 3rd Avenue in Brooklyn, New York. The lease under which Penguin's interest derives was first executed on June 21, 1951, between Brook-Rock's predecessor in interest as "Lessor" and Penguin's predecessor in interest as "Lessee". Upon the exercise of 13 five-year options the lease is scheduled to expire on September 30, 2046.

In or about March 1989 Penguin contacted one of Brook-Rock's principals to advise him of its intention to make certain alterations to the demised premises and requesting him to sign the requisite governmental forms to facilitate the alterations. On April 3, 1989, Brook-Rock's lawyer wrote to Penguin characterizing the proposed alterations as "the ameliorating acts of waste", and stating that Penguin was prohibited by the terms of the lease from making the changes at issue and, asserting that if it persisted in going ahead with the alterations, Brook-Rock had the option of terminating the lease.

Following service of the summons and complaint and the joinder of issue, Penguin moved for summary judgment. The Supreme Court granted the motion and this appeal ensued.

It is well settled that the interpretation of a written agreement is within the province of the court and, if the language of the agreement is free from ambiguity, its meaning may be determined as a matter of law on the basis of the writing alone without resort to extrinsic evidence (see, *Chimart Assocs. v Paul,* 66 NY2d 570, 572; *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 291). On a motion for summary judgment where contractual interpretation is at issue, the opposing party may not defeat the summary judgment motion by merely alleging that the contract is ambiguous. In addition to alleging that the contract is ambiguous, the opponent must also set forth in evidentiary form the extrinsic evidence upon which it relies to support the construction it urges (see, *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn., supra,* at 290; *Posh Pillows v Hawes,* 138 AD2d 472, 473). Since Brook-Rock tendered no extrinsic evidence to support its argument that the proposed alterations constituted ameliorating waste which was prohibited by the lease provisions, there is only the document to interpret and this court may therefore construe the provisions of the lease as a matter of law.

The clear and unambiguous provisions of the lease indicate

that the proposed alterations by Penguin are permitted. Paragraph Eighteenth of the lease provides, in relevant part: "All alterations, remodeling, repairs, renovations, additions and improvements constructed by Lessee on the demised premises shall without further act of either party, become and remain a portion of the demised premises and the property of the Lessor". Paragraph Fourth of the lease provides that the lessee is not obligated at the expiration of the lease to restore the demised premises, "in so far as alterations, remodeling, repairs, renovations, additions and improvements made in accordance with the terms of this lease are concerned", to the condition the premises were in at the commencement of the lease term. If Brook-Rock's interpretation of the lease provisions were adopted, to the effect that alterations which may enhance the value of the premises constitute waste in violation of the lease provisions, then the provisions of Paragraph Eighteenth and Fourth would be rendered meaningless. It is a general rule of contract construction that a court should not adopt an interpretation which would leave any provision without force and effect (see, *Corhill Corp. v S.D. Plants,* 9 NY2d 595, 599; *Med Mac Realty Co. v Lerner,* 154 AD2d 656, 660). The explicit language of Paragraphs Eighteenth and Fourth demonstrate that the making of alterations by the tenant during the lease term was clearly contemplated by the original parties to the lease. The lease does contain a provision prohibiting waste. Nevertheless, reasonable alterations which improve the demised premises and which are not specifically prohibited under the lease, do not constitute "waste" as that term is used in paragraph Eleventh of the lease (see, *Med Mac Realty Co. v Lerner, supra).* Furthermore, the lease prohibits any act which diminishes the value of the building on the demised premises or alters its status as a self-contained unit for retail purposes. Brook-Rock makes no challenge to the alterations on those bases. Accordingly, we find that the Supreme Court properly granted the plaintiff's motion for summary judgment. Thompson, J. P., Kunzeman, Harwood and Balletta, JJ., concur.