■ SUNRISE MALL ASSOCIATES, Respondent, v IMPORT ALLEY OF SUNRISE MALL, INC., Appellant. [621 NYS2d 662] —In an action, *inter alia,* for a judgment declaring that a cap on fixed minimum rent contained in an amendment to the parties' lease was not applicable to the renewal term of the lease, the defendant appeals from so much of an order of the Supreme Court, Nassau County (Levitt, J.), entered May 7, 1993, as granted the plaintiff's motion for summary judgment to the extent of declaring that the cap did not apply to the renewal term.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly determined that the cap contained in paragraph 6 of the amendment to the parties' commercial lease did not limit the calculation of fixed minimum rent during the renewal term of the lease.

Interpretation of an unambiguous contract is a matter for the court *(see, Sutton v East Riv. Sav. Bank,* 55 NY2d 550, 554). In construing a contract, the document must be read as a whole to determine the parties' purpose and intent *(see, W.W.W. Assocs. v Giancontieri,* 77 NY2d 157, 162), giving a practical interpretation to the language employed so that the parties' reasonable expectations are realized *(see, Sutton v East Riv. Sav. Bank, supra,* at 555; *Slamow v Del Col,* 174 AD2d 725, 726, *affd* 79 NY2d 1016). Further, a court should not adopt an interpretation which would leave any provision without force and effect *(see, Penguin 3rd Ave. Food Corp. v Brook-Rock Assocs.,* 174 AD2d 714, 716).

Here, the parties agree that the terms of the lease and the amendment are clear and unambiguous, but each seeks a different interpretation of those terms. Applying the established rules of contract construction, we conclude, as did the Supreme Court, that the calculation of fixed minimum rent

pursuant to the renewal option in section 11.14 of the lease is not limited by the $60,000 cap in paragraph 6 of the amendment to the lease. Such an interpretation is in accord with the reasonable expectations of the parties, who had agreed to the cap when there were still some 15 years remaining on the initial 20-year term of the lease. The parties could not have reasonably expected the cap to remain in place beyond that already lengthy period of time. If that were the case, the plaintiff landlord would never receive an increase in the fixed minimum rent during the renewal term, a consequence that could not have been contemplated by the parties.

Further, section 11.14 of the lease includes a new method of computing the fixed minimum rent during the renewal period. As the Supreme Court found, if the cap were applicable, the rent calculation provision of section 11.14 would be without effect. Pursuant to that section, the fixed minimum rent is to be the greater of two different calculations. If the cap were applied, that provision would be meaningless as the figure would always be $60,000.

We note that we are deciding the only issue before us on this appeal—whether the cap contained in paragraph 6 of the amendment to the lease limits the calculation of fixed minimum rent during the renewal period. We express no opinion regarding the applicability of any other provisions of the amendment to the renewal term.

Finally, the plaintiff's failure to cross-appeal precludes any review of the Supreme Court's determination that the defendant effectively exercised its option to renew the lease (see, Hecht v City of New York, 60 NY2d 57; Day v Day, 112 AD2d 972). Rosenblatt, J. P., Altman, Friedmann and Florio, JJ., concur.