■ BROOK SHOPPING CENTERS, INC., Appellant, v ALLIED STORES GENERAL REAL ESTATE COMPANY et al., Respondents. [666 NYS2d 483] —In an action, *inter alia,* for a judgment declaring that the defendants are obligated to pay 20.81% of the cost of maintaining the Cross County Shopping Center, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Sweeny, J.), dated May 28, 1996, which, after a non-jury trial, declared, *inter alia,* that (1) the defendants have no obligation to share in the costs for real estate taxes, insurance premiums, general and administrative costs, and security and merchants' association dues in connection with the common areas of the shopping center, and (2) the defendants' obligation to share in the plaintiff's maintenance obligations shall be determined by dividing the total assessed value of their building located within the shopping center by the total assessed value of the land and improvements constituting the shopping center.

Ordered that the judgment is affirmed, with costs.

This matter concerns a dispute between the parties over the nature and extent of the defendants' obligations pursuant to the provisions of a document dated March 27, 1953. This Court previously affirmed an order denying the defendants' motion for summary judgment and determined that triable issues of fact existed regarding the interpretation of the document (*see,*

*Brook Shopping Ctrs. v Allied Stores Gen. Real Estate Co.,* 165 AD2d 854). The Supreme Court thereafter conducted a nonjury trial and resolved the disputed issues in favor of the defendants. We affirm.

Contrary to the plaintiff's contention, the trial court did not err in striking certain portions of the testimony of the plaintiff's principal witness, Raymond Keyes. The record demonstrates that the stricken testimony concerned statements or impressions of out-of-court declarants which were not the products of direct discussions with the witness, were lacking in relevance, and constituted inadmissible hearsay (*see, e.g., Tele-Pac, Inc. v Grainger,* 168 AD2d 11, 19).

Similarly unavailing is the plaintiff's contention that the trial court's interpretation of the document is commercially unreasonable and unsupported by the record. Upon our review of the document at issue and the testimony and documentary evidence presented at the trial, we discern no basis upon which to disturb the court's conclusion.

We have considered the plaintiff's remaining contentions and find them to be without merit. Bracken, J. P., Sullivan, Santucci and Luciano, JJ., concur.