■ SNUG HARBOR SQUARE VENTURE, Appellant, v NEVER HOME LAUNDRY, INC., Respondent. [675 NYS2d 365] —In an ac-

tion for a judgment declaring the rights and liabilities of the parties under a commercial lease, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Seidell, J.), dated June 18, 1997, as denied its motion for partial summary judgment on the first cause of action asserted in the complaint.

Ordered that the order is reversed insofar as appealed from, with costs, and the motion is granted.

The parties entered into a 10-year commercial lease which provided for a fixed minimum annual rent and cost of living increases calculated pursuant to a formula. With respect to the cost of living increases, the lease provided that the "[l]andlord agrees that the cost of living increase charged [t]enant * * * shall not exceed 10% per annum in any Lease Year". The parties dispute the interpretation of that provision.

Interpretation of an unambiguous contract is a matter for the court. In construing a contract, the document must be read as a whole to determine the parties' purpose and intent, giving a practical interpretation to the language employed so that the parties' reasonable expectations are realized. Further, a court should not adopt an interpretation which would leave any provision without force and effect (*see, Sunrise Mall Assocs. v Import Alley,* 211 AD2d 711).

The provisions of the lease are unambiguous. In addition, when the lease is read as a whole, it is clear that the cost of living increase for any year could not exceed 10% of that year's fixed minimum annual rent. Any other interpretation, including the defendant's, would not be in accord with the reasonable expectations of the parties. Thus, the plaintiff's motion for partial summary judgment should have been granted and it should be declared that the plaintiff's calculation of the cost of living increases was proper. Mangano, P. J., Miller, Pizzuto and Krausman, JJ., concur.