■ JOHN J. GONZALEZ et al., Appellants, v MATTHEW P. NORRITO et al., Respondents. [682 NYS2d 100] —In an action to recover a down payment on a contract, the plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County (Seidell, J.), dated April 4, 1997, as denied their motion for partial summary judgment on their first, second, and third causes of action and to strike the defendants' first and second counterclaims.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Suffolk County, for entry of judgment in accordance herewith.

It is well settled that the interpretation of an agreement is within the province of the court and may be determined as a matter of law (*see, Ligator v Continental Bank,* 152 AD2d 684; *Hartford Acc. & Indem. Co. v Wesolowski,* 33 NY2d 169, 172). In interpreting a contract, the document must be read as a whole to determine the parties' intent, giving a practical interpretation to the language employed so that the parties' reasonable expectations are realized (*see, Sunrise Mall Assocs. v Import Alley of Sunrise Mall,* 211 AD2d 711; *see also, Sutton v East Riv. Sav. Bank,* 55 NY2d 550). Further, a court should not adopt an interpretation which would leave any provision without force and effect (*see, Penguin 3rd Ave. Food Corp. v Brook-Rock Assocs.,* 174 AD2d 714, 716).

The plaintiffs (hereinafter the purchasers) agreed to purchase certain real property from the defendants (hereinafter the sellers). The parties' contract set the closing date as "on or about May 27, 1996". The parties further agreed that notwithstanding that date, the purchasers agreed "to close title at such time designated by Sellers, upon ten (10) days notice from Sellers' attorney to Purchasers' attorney, provided such date is acceptable to the attorneys for Purchasers' mortgage lender, Time Being Of The Essence, five days after the aforesaid date set by the Sellers' attorney".

Here, the parties agree that the terms of the contract are clear and unambiguous, but each seeks a different interpretation of the contract. Pursuant to the terms of the contract, time was of the essence five days after the sellers designated a closing date which was acceptable to the attorneys for the purchasers' mortgage lender. It is undisputed that the closing date the sellers originally designated, June 28, 1996, was not acceptable to the purchasers' mortgage lender. We find that in declaring that the purchasers would be in default unless the closing could be rescheduled for on or before July 5, 1996, the sellers did not comply with the subject contract provision for setting a time-of-the-essence date and improperly declared a default. Under such circumstances, the purchasers are entitled to return of their down payment together with title examination and survey costs incurred as provided for in the contract. Rosenblatt, J. P., Copertino, McGinity and Luciano, JJ., concur.