■ NATHAN L. SEROTA, Appellant, v MAYFAIR SUPER MARKETS, INC., et al., Respondents. [752 NYS2d 541] —In an action, inter alia, for a judgment declaring the parties' rights under a lease, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (McCaffrey, J.), entered October 9, 2001, which, after a nonjury trial, inter alia, declared that the sublease at issue did not violate a restrictive covenant in another tenant's lease, and directed the plaintiff to execute any permit necessary for the defendant Mayfair Super Markets, Inc., to renovate its leased premises to make it suitable for use by its sublessee.

Ordered that the judgment is affirmed, with costs.

Even if, as the plaintiff asserts, the notice of restrictive covenant at issue was adequate, the lease between the plaintiff and the defendant Mayfair Super Markets, Inc. (hereinafter Mayfair), clearly provided that such restrictive covenants could affect the right of Mayfair to sublease the subject premises only if it had written notice of the covenant for at least six months prior to the execution of that sublease. Since the sublease at issue was executed within that six month window, the covenant did not apply and Mayfair was free to lease to anyone, including a direct competitor of the party favored by the restrictive covenant.

Additionally, the lease gives Mayfair the right to perform alterations to its leasehold premises without the plaintiff's consent, subject to certain limitations not relevant here. The Supreme Court therefore properly required the plaintiff to sign the municipal applications necessary to permit Mayfair to undertake the renovations (*see Greasy Spoon v Jefferson Towers,* 75 NY2d 792; *Penguin 3rd Ave. Food Corp. v Brook-Rock Assoc.,* 174 AD2d 714; *Med Mac Realty Co. v Lerner,* 154 AD2d 656).

In light of our determination, we need not reach the parties' remaining contentions. Florio, J.P., Friedmann, McGinity and Townes, JJ., concur.