■ LESTER PETRACCA, Respondent, v EUGENE PETRACCA et al., Appellants, and ROCKAWAY TRIANGLE LIMITED PARTNERSHIP et al., Respondents. [756 NYS2d 587] —In an action to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Queens County (Posner, J.), dated November 8, 2001, which granted the cross motion of the plaintiff and the additional counterclaim defendants for summary judgment on their claim for a judgment declaring that December 15, 1997, was the "Breakup Date" pursuant to the contract.

Ordered that the order is affirmed, with costs.

At issue on this appeal is the interpretation of certain breakup provisions in an agreement which govern the business relationship between two brothers, the plaintiff, Lester Petracca, and the defendant Eugene Petracca. The agreement permitted either brother to give notice to the other of his desire to terminate all or a portion of their business relationship. If the brothers were unable to resolve their difference within 30 days, they were to act expeditiously to effectuate the breakup of their relationship within the next 30 days.

Whether or not a writing is ambiguous is a question of law to be resolved by the courts (*see W.W.W. Assoc. v Giancontieri,* 77 NY2d 157, 162 [1990]; *Van Wagner Adv. Corp. v S & M Enters.,* 67 NY2d 186, 191 [1986]). Interpretation of an unambiguous contract provision is a function for the court, and matters extrinsic to the agreement may not be considered when the intent of the parties can be gleaned from the agreement (*see Brook Shopping Ctrs. v Allied Stores Gen. Real Estate Co.,* 165 AD2d 854 [1990]). Similarly, extrinsic or parol evidence is not admissible to create an ambiguity in a written agreement that is otherwise clear and unambiguous (*see Del Vecchio v Cohen,* 288 AD2d 426 [2001]).

When interpreting a contract, the court should arrive at a

construction that will give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized (*see Gonzalez v Norrito,* 256 AD2d 440 [1998]; *Joseph v Creek & Pines,* 217 AD2d 534 [1995]). A contract should not be interpreted in such a way as to leave one of its provisions substantially without force or effect (*see Tantleff v Truscelli,* 110 AD2d 240 [1985], *affd* 69 NY2d 769 [1987]; *Penguin 3rd Ave. Food Corp. v Brook-Rock Assoc.,* 174 AD2d 714, 716 [1991]). A court may not write into a contract conditions the parties did not include by adding or excising terms under the guise of construction, nor may it construe the language in such a way as would distort the contract's apparent meaning (*see Tikotzky v City of New York,* 286 AD2d 493 [2001]).

The Supreme Court correctly found that, pursuant to the agreement, the letter dated October 15, 1997, constituted notice by the plaintiff, Lester Petracca, to terminate his business relationship with the defendant Eugene Petracca. Furthermore, contrary to the defendants' contentions, the agreement's breakup provisions were not ambiguous, and the only fair interpretation of the agreement was that the parties' intended the "Breakup Date" to occur on the day following the 60-day period after one of the brothers gave notice to the other. Accordingly, in the absence of evidence that the breakup occurred earlier, the Supreme Court correctly determined that the "Breakup Date" occurred on December 15, 1997.

The defendants' remaining contentions are without merit. Altman, J.P., S. Miller, Friedmann and McGinity, JJ., concur.