NEW YORK AVE. CAR WASH, LLC, Respondent, v AQUA CAR WASH & DETAILING, INC., et al., Appellants. [804 NYS2d 382]—

In an action, inter alia, for the return of a deposit paid pursuant to a contract for the sale of a business, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Jones, J.), dated October 1, 2004, as granted that branch of the plaintiff's motion which was for summary judgment on the first cause of action and directed that the plaintiff's deposit in the amount of $80,000 be returned to the plaintiff.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff is the assignee of RGA Realty Management Corp., which executed an agreement to purchase a car wash business from the defendant Aqua Car Wash & Detailing, Inc. When the plaintiff discovered a judgment in the amount of $22,000,000 against an individual bearing the name of the defendant seller's principal and residing at the principal's address, the parties amended the agreement to permit the plaintiff to terminate the agreement if the seller did not timely provide documentary proof that the person named in the judgment was not the seller's principal. The documents furnished by the seller within the agreed-upon period demonstrated only that the judgment had been entered in favor of the United States govern-

ment as a result of a federal criminal conviction; they did not show that the person convicted in federal court and named in the judgment was not the seller's principal. Since there was no ambiguity in the provision of the amended agreement requiring documentary proof that the judgment was not against the seller's principal, and there was no basis on which a jury could conclude that the defendants complied with that requirement, there was no triable issue of fact (*see Kass v Kass*, 91 NY2d 554, 566-567 [1998]; *Penguin 3rd Ave. Food Corp. v Brook-Rock Assoc.*, 174 AD2d 714 [1991]). Accordingly, the Supreme Court properly granted summary judgment in favor of the plaintiff on its cause of action seeking the return of its deposit and directed that the deposit be returned. Prudenti, P.J., H. Miller, Spolzino and Lunn, JJ., concur.