■ ARNOLD A. ABRAMO, M.D., Respondent-Appellant, v HEALTHNOW NEW YORK, INC., Doing Business as BLUE CROSS & BLUE SHIELD OF WESTERN NEW YORK, et al., Appellants-Respondents. [803 NYS2d 842]—

Appeal and cross appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered June 23, 2004. The order denied in part and granted in part defendants' cross motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting defendants' cross motion in its entirety and dismissing the complaint and as modified the order is affirmed without costs.

Memorandum: Supreme Court erred in denying that part of defendants' cross motion for summary judgment dismissing the breach of contract causes of action. We therefore modify the order accordingly. It is well settled that the interpretation of the terms of an unambiguous written agreement is a function for the court (see *Chimart Assoc. v Paul*, 66 NY2d 570, 572-573 [1986]; *Teitelbaum Holdings v Gold*, 48 NY2d 51, 56 [1979]; *Matter of Cohen Swados Wright Hanifin Bradford & Brett v Frank R. Bayger, P.C.*, 269 AD2d 739, 740-741 [2000]). In interpreting such an agreement, the court must examine the terms of the agreement as a whole in order to determine the intent of the parties (see *Benderson v Wiper Check*, 266 AD2d 903, 904 [1999], *affd* 96 NY2d 855 [2001]; *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162-163 [1990]), "giving a practical interpretation to the language employed so that the parties' reasonable expectations are realized" (*Sunrise Mall Assoc. v Import Alley of Sunrise Mall*, 211 AD2d 711, 711 [1995]).

We conclude that defendants established that their "construction of the agreement is the only construction which can fairly be placed thereon" (*Lipari v Maines Paper & Food Serv.*, 245 AD2d 1085, 1085 [1997] [internal quotation marks omitted]). Thus, defendants met their burden of establishing their entitlement to judgment as a matter of law, and we conclude that plaintiff failed to raise a material issue of fact in opposition thereto (see generally *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Defendants established that plaintiff was the subject of final disciplinary action by the New York State Board for Professional Medical Conduct resulting in a consent order that contained conditions impairing plaintiff's ability to practice medicine. Thus, the only "practical interpretation" of the terms of the agreement at issue is that defendants were justified in terminating plaintiff as a participating physician in their health

maintenance organizations (*Sunrise Mall Assoc.*, 211 AD2d at 711). Based on our determination herein, we do not address the issues raised by plaintiff on his cross appeal. Present—Pigott, Jr., P.J., Hurlbutt, Pine and Hayes, JJ.