■ Perry D. Krape, Respondent, v PDK Labs, Inc., Appellant. [826 NYS2d 340]—

In an action for payment of money on an instrument, brought

by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendant appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Suffolk County (Emerson, J.), entered September 23, 2005, as granted the plaintiff's motion for summary judgment in lieu of complaint, and (2) a judgment of the same court entered November 29, 2005, which, upon the order, is in favor of the plaintiff and against it in the principal sum of $30,000. The notice of appeal from the order entered September 23, 2005 is deemed also to be a notice of appeal from the judgment (see CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

To end a long and litigious dispute, the parties entered into an agreement containing a release and covenant not to sue (hereinafter the agreement). The agreement clearly expressed their intention that, in exchange for the payment of the sum of $90,000 in three equal installments from the defendant, PDK Labs, Inc. (hereinafter PDK), to the plaintiff, Perry D. Krape, existing litigation between the parties would be ended and that no further litigation of any kind between them would be brought. After making the first payment, PDK defaulted on the second. Krape then brought this action by means of a summons and motion for summary judgment in lieu of complaint pursuant to CPLR 3213. The Supreme Court granted the motion, and PDK appeals, arguing that the action was not "based upon an instrument for the payment of money only" (CPLR 3213) and that the covenant not to sue extended to actions to enforce the agreement itself. We disagree with both arguments.

The action was properly brought pursuant to CPLR 3213 (see Weissman v Sinorm Deli, 88 NY2d 437, 443 [1996]; J.D. Structures v Waldbaum, 282 AD2d 434 [2001]). Further, Krape established his prima facie entitlement to judgment as a matter of law by means of the agreement and proof of the failure of PDK to make payment according to its terms (see Weissman v Sinorm Deli, supra at 444; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). In opposition to the motion, PDK failed

to raise a triable issue of fact (*see Zuckerman v City of New York, supra*). PDK argued merely that Krape may not sue to enforce the agreement because the covenant not to sue bars an action to enforce the agreement. In essence, PDK, which concedes that it did not make the second payment, argues that it should retain the benefit for which it bargained without making the agreed-upon payment for that benefit. It argues that Krape's remedy is that interest on the missed payment will accrue.

If PDK were to prevail, Krape would be left with an illusory remedy, accrual of interest on the payments, with no means to collect it. "In construing a contract, the document must be read as a whole to determine the parties' purpose and intent, giving a practical interpretation to the language employed so that the parties' reasonable expectations are realized. Further, a court should not adopt an interpretation which would leave any provision without force and effect" (*Snug Harbor Sq. Venture v Never Home Laundry*, 252 AD2d 520, 521 [1998]; *see Aivaliotis v Continental Broker-Dealer Corp.*, 30 AD3d 446, 447 [2006]). "Although the words [in a contract] might 'seem to admit of a larger sense, yet they should be restrained to the particular occasion and to the particular object which the parties had in view' " (*Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491 [1989], quoting *Robertson v Ongley Elec. Co.*, 146 NY 20, 23 [1895]). In order to achieve its goal of ending the dispute and ending and precluding any litigation between the parties, PDK was required to perform its obligations under the agreement. That is the only reasonable interpretation of the words of the agreement given "the particular occasion and . . . the particular object which the parties had in view" (*Hooper Assoc. v AGS Computers, supra* at 491). We conclude that the covenant not to sue did not extend to actions to enforce the payments contemplated by the Agreement itself (*see Snug Harbor Sq. Venture v Never Home Laundry, supra*). Schmidt, J.P., Santucci, Mastro and Fisher, JJ., concur.