QUEENS BEST, LLC, Appellant, v BRAZAL SOUTH HOLDINGS, LLC, et al., Respondents. [826 NYS2d 684]—

In an action, inter alia, for specific performance of contracts for the sale of real property, and a declaration of the rights of the parties under the contracts, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Polizzi, J.), dated September 12, 2005, which denied its motion for summary judgment, granted the defendants' cross motion for summary judgment dismissing the complaint and for summary judgment on their counterclaims, and declared that two letters dated March 8, 2005 terminated the contracts.

Ordered that the order and judgment is modified, on the law, by deleting the provisions thereof granting the defendants' cross motion for summary judgment dismissing the complaint and for summary judgment on their counterclaims, and declaring that

two letters dated March 8, 2005 terminated the contracts, and substituting therefor a provision denying the cross motion; as so modified, the order and judgment is affirmed, with costs to the appellant, and the complaint is reinstated.

By contracts dated January 5, 2005, the plaintiff Queens Best, LLC (hereinafter Queens Best), purchased two contiguous properties from the defendants, Brazal South Holdings, LLC, and 42-12 28th Street Associates (hereinafter together Brazal) for the total sum of $18 million. The sale was "as is," but to accommodate Queens Best for the risk of its purchases, the contracts provided for a 119-day investigation period during which time Queens Best could inspect the premises and conduct tests and investigations. Section 4.02 of the contracts provided that if requested by Brazal, Queens Best would provide "copies of all engineering and environmental reports, lab analyses, appraisals and other reports or studies." Under paragraph 4.06, Brazal was permitted to terminate the contract if any "environmental consultant and engineer" retained by Queens Best shall not have conducted its inspections and generated reports for delivery to Brazal within 60 days after the parties executed the contracts, or at any time thereafter until such reports were delivered to Brazal.

Queens Best retained an environmental consultant and provided Brazal with a copy of its assessment on February 25, 2005, within the 60-day termination period. However, Queens Best did not retain an engineer, and hence, no engineering report was provided to Brazal. Brazal terminated the contracts on March 8, 2005, after 60 days had elapsed from the execution of the contracts, on the ground that Queens Best had failed to deliver all reports (i.e., environmental and engineering reports) required by paragraph 4.06 of the contracts. Brazal argues that paragraph 4.06 required Queens Best to provide, at a minimum, reports of environmental and engineering consultants, and that Queens Best had discretion to retain other experts beyond that if, in its discretion, it chose to do so under other paragraphs of the contracts. In contrast, Queens Best maintains that pursuant to paragraph 6.01 of the contracts, it had discretion to decide without restriction what investigations it "deems necessary or appropriate under the circumstances," and that under paragraph 4.02, it "may" inspect the property and conduct engineering tests, but was never actually required to retain an engineer or to provide an engineer's report to Brazal.

Queens Best moved, and Brazal cross-moved, for summary judgment. The Supreme Court denied the motion of Queens Best and granted Brazal's cross motion. We modify to the extent

of denying Brazal's cross motion. In interpreting a contract, "the document must be read as a whole to determine the parties' purpose and intent, giving a practical interpretation to the language employed so that the parties' reasonable expectations are realized" (*Snug Harbor Sq. Venture v Never Home Laundry*, 252 AD2d 520, 521 [1998]; *see also W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]; *Aivaliotis v Continental Broker-Dealer Corp.*, 30 AD3d 446, 447 [2006]; *Gonzalez v Norrito*, 256 AD2d 440 [1998]; *Sunrise Mall Assoc. v Import Alley of Sunrise Mall*, 211 AD2d 711 [1995]). A contract should not be interpreted in such a way as to leave one of it provisions substantially without force or effect (*see Singh v Atakhanian*, 31 AD3d 425 [2006]; *Petracca v Petracca*, 302 AD2d 576 [2003]; *Gonzalez v Norrito, supra* at 440; *Sunrise Mall Assoc. v Import Alley of Sunrise Mall, supra* at 711).

There is an inconsistency between the plain language of discrete provisions of paragraphs 6.01 and 4.02 on the one hand and paragraphs 4.02 and 4.06 on the other. Paragraph 6.01 permits Queens Best to determine what investigation it deems necessary and paragraph 4.02 provides that the investigation "*may* . . . includ[e] environmental and engineering tests" (emphasis added). These contractual provisions, standing alone, support the argument of Queens Best that since it was not required to conduct engineering tests and provide an engineering report, its motion for summary judgment should have been granted and Brazal's motion for summary judgment denied. However, other language contained in paragraphs 4.02 and 4.06, standing alone, supports Brazal's argument that the purchaser was required to provide, at a minimum, "copies of all engineering *and* environmental reports . . . in connection with purchaser's inspections and tests" (emphasis added), and that absent an engineering report, as here, summary judgment was warranted in favor of Brazal. These peculiar conflicting provisions cannot be reconciled, as the primacy of one set of provisions would leave the other conflicting provisions without force or effect (*see Singh v Atakhanian, supra* at 425; *Petracca v Petracca, supra* at 576; *Gonzalez v Norrito, supra* at 440; *Sunrise Mall Assoc. v Import Alley of Sunrise Mall, supra* at 711). As a result, none of the parties was entitled to summary relief, as each party was able to raise a triable issue of fact in opposition (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Mawardi v New York Prop. Ins. Underwriting Assn.*, 183 AD2d 756, 757 [1992]).

The remaining contentions either are without merit or need not be addressed in light of our determination herein. Santucci, J.P., Mastro, Fisher and Dillon, JJ., concur.