MARIA GUTIERREZ, Claimant, v STATE OF NEW YORK, Defendant and Third-Party Claimant-Appellant. COMPASS GROUP USA, INC., CHARTWELLS, Third-Party Defendant-Respondent, et al., Third-Party Defendants. [871 NYS2d 729]—

In a claim to recover damages for personal injuries, the defen-

dant and third-party claimant, State of New York, appeals, as limited by its brief, from so much of an order of the Court of Claims (Mignano, J.), dated August 22, 2007, as denied that branch of its motion which was for summary judgment declaring that the third-party defendant Compass Group USA, Inc., Chartwells, is obligated to defend it in the main claim and, in effect, granted that branch of the cross motion of the third-party defendant Compass Group USA, Inc., Chartwells, which was for summary judgment declaring that it is not obligated to defend the State of New York in the main claim.

Ordered that the order is affirmed insofar as appealed from, with costs.

In the summer of 2002, Compass Group USA, Inc. (hereinafter Compass), through its Chartwells Division, entered into an agreement to provide food and cafeteria services at the State University of New York College at Purchase (hereinafter the college). Pursuant to article 19 of the agreement, Compass was required, inter alia, to "indemnify, defend, and save harmless" the State of New York against any claim for liability caused by Compass's negligent acts or omissions. Section 19.2 of the agreement further provided that "[n]otification of an event giving rise to an indemnification claim . . . must be received by [Compass] within 30 days following receipt of such claim," and that any such indemnification claim would be "expressly subject to and conditioned upon compliance with the Notice provisions hereunder."

On July 14, 2004, Compass employee Maria Gutierrez was injured when she slipped and fell on a wet floor inside a rest room in the main dining hall at the college. On October 8, 2004, Gutierrez served a notice of intention to file a claim on the Attorney General of the State of New York pursuant to Court of Claims Act § 10 (3), alleging that she had been injured as a result of the State's negligence and indicating that she would commence suit against the State if payment was not made. Gutierrez subsequently filed a claim against the State seeking to recover damages for personal injuries, and effected service on March 24, 2005. Twelve days later, by letter dated April 5, 2005, the Attorney General's office notified Compass of the Gutierrez claim, and requested that Compass hold the State harmless and defend it against the claim. After Compass denied the State's request, the State commenced a third-party claim seeking, inter alia, a judgment declaring that Compass was required to defend and indemnify it in the main claim. The State subsequently moved, among other things, for summary judgment declaring that Compass was required to defend it in the main claim, and

Compass cross-moved, inter alia, for summary judgment declaring that it was not so obligated. The Court of Claims denied that branch of the State's motion which was for summary judgment on this issue and, in effect, granted that branch of the cross motion, concluding that Compass was not required to defend the State in the main claim because the State had failed to comply with the contractual provision requiring it to provide notice of an event giving rise to an indemnification claim within 30 days of receipt of that claim.

The State now contends that compliance with the 30-day notice requirement was not a condition precedent to Compass' obligation to provide it with a defense because section 19.2 of the agreement made only the obligation to indemnify subject to notice. Although this issue is raised for the first time on appeal, we may review it because it presents a question of law which could not have been avoided if brought to the Court of Claim's attention at the proper junction (*see Dugan v Crown Broadway, LLC*, 33 AD3d 656 [2006]; *Buywise Holding, LLC v Harris*, 31 AD3d 681, 682 [2006]; *Libeson v Copy Realty Corp.*, 167 AD2d 376, 377 [1990]; *Block v Magee*, 146 AD2d 730, 732 [1989]). However, the State's contention is without merit. In interpreting a contract, the court must read the document as a whole "to determine the parties' purpose and intent, giving a practical interpretation to the language employed so that the parties' reasonable expectations are realized" (*Snug Harbor Sq. Venture v Never Home Laundry*, 252 AD2d 520, 521 [1998]; *see Franklin Apt. Assoc., Inc. v Westbrook Tenants Corp.*, 43 AD3d 860, 861 [2007]; *Queens Best, LLC v Brazal S. Holdings, LLC*, 35 AD3d 695, 697 [2006]; *Aivaliotis v Continental Broker-Dealer Corp.*, 30 AD3d 446, 447 [2006]). Reading the provisions of article 19 of the agreement which relate to Compass' obligation to defend and indemnify together, and construing them to give effect to the reasonable expectations of the parties, it is clear that giving timely notice of an event giving rise to an indemnification claim is a condition precedent to Compass' obligation to defend as well as to indemnify the State.

Furthermore, the Court of Claims properly concluded that the State did not give Compass timely notice of the event giving rise to the indemnification claim. Ascribing the term "claim" its ordinary meaning as a demand for money or other legal remedy to which one asserts a right (*see* Black's Law Dictionary [8th ed 2004]; *see also Andy Warhol Found. for Visual Arts, Inc. v Federal Ins. Co.*, 189 F3d 208, 215-216 [1999]; *Home Ins. Co. of Illinois (N.H.) v Spectrum Info. Tech., Inc.*, 930 F Supp 825, 846 [1996]), the State's obligation to provide notice was triggered

when it received Gutierrez's notice of intention to file a claim, which demanded compensation for the injuries she had allegedly sustained in the accident. Accordingly, the notification which the State gave Compass only after the commencement of this suit was untimely. Prudenti, P.J., Dillon, Eng and Leventhal, JJ., concur.