NEWMAN, Circuit Judge,
dissenting in part.
I respectfully dissent from Part I of the court’s opinion, which reverses the district court’s award of prejudgment interest on the agreed conditional damages. The May 2006 Agreement did not alter the general rule that prejudgment interest is awarded on damages for patent infringement. The general rule does not depend on whether damages are measured by the amount of lost profits, or as a royalty on infringing sales, or, as here, an agreed percentage of sales. Thus, to make the injured party whole, interest is paid on the monetary loss. The district court correctly so recognized. The district court, applying Supreme Court and Federal Circuit precedent, has not been shown to have erred.
The Court explained in General Motors Corp. v. Devex Corp., 461 U.S. 648, 654, 103 S.Ct. 2058, 76 L.Ed.2d 211 (1983), that “prejudgment interest should ordinarily be awarded where necessary to afford the plaintiff full compensation for the infringement.” Federal Circuit precedent has been faithful to this rule, recognizing that *1184 the award of prejudgment interest on patent damages is the rule, not the exception. See, e.g., Ecolab, Inc. v. FMC Corp., 569 F.3d 1335, 1353 (Fed.Cir.2009) (“When a patentee asserts a patent claim that is held to be valid and infringed, prejudgment interest is generally awarded.”); Crystal Semiconductor Corp. v. TriTech Microelectronics Int’l, 246 F.3d 1336, 1346 (Fed. Cir.2001) (“the discretion of the district court in denying prejudgment interest is limited to specific circumstances”); Lummus Indus., Inc. v. D.M. & E. Corp., 862 F.2d 267, 275 (Fed.Cir.1988) (“It is clear from General Motors that the withholding of prejudgment interest based on delay is the exception, not the rule.... ”); Gyro-mat Corp. v. Champion Spark Plug Co., 735 F.2d 549, 555 (Fed.Cir.1984) (“the Court’s repeated statements that prejudgment interest ‘should ordinarily be awarded’ indicates that that is the governing principle the Court enunciated”); Paper Converting Mach. Co. v. Magnar-Graphics Corp., 745 F.2d 11, 23 (Fed.Cir.1984) (“Prejudgment interest should ordinarily be awarded absent some justification for withholding such an award, Leinoff v. Louis Milona & Sons, Inc., 726 F.2d 734, 743 (Fed.Cir.1984); it is to compensate for the delay a patentee experiences in obtaining money he would have received sooner if no infringement had occurred, Central Soya Co. v. Geo. A. Hormel & Co., 723 F.2d 1573, 1578 (Fed.Cir.1983).”).
The district court observed that “[wjhile the Settlement Agreement explicitly limits damages, it does not in any way restrict an award of interest on those damages.” Sanofi-Aventis v. Apotex Inc., 748 F.Supp.2d 293, 297 (S.D.N.Y.2010). Paragraph 14 of the Settlement Agreement states the way damages shall be measured, and does not mention that such damages shall be free of the routine award of interest. The district court correctly interpreted the contract, applying New York contract law and precedent, and held that “[i]n the absence of any agreement to the contrary, the general rule awarding interest on damages in patent infringement actions remains unaltered.” Sanofi-Aventis, 748 F.Supp.2d at 297 (citing 35 U.S.C. § 284; Gen. Motors, 461 U.S. at 657, 103 S.Ct. 2058).
The panel majority proposes that the contract’s silence on prejudgment interest means that the parties intended and agreed, by their silence, to forgo such interest. But as the Court confirmed in General Motors, the background rule is that prejudgment interest is awarded on damages for patent infringement, as required by statute. See 6 Corbin on Contracts § 26.1 (“The critical concept is that parties apply the background rule if their contract is silent. Assuming that the rule is defeasible, and may be changed by agreement, the parties have the choice of saying nothing and keeping it, or affirmatively modifying or displacing it.”).
If the parties had intended to prevent the award of interest they would have done so explicitly, for the award of interest is the statutory rule, not the exception. Gen. Motors, 461 U.S. at 657, 103 S.Ct. 2058 (“[PJrejudgment interest should be awarded under § 284 absent some justification for withholding such an award.”). Section 284 requires “damages adequate to compensate for the infringement ... together with interest and costs.... ” 35 U.S.C. § 284.
The panel majority incorrectly states that interest is included in the “actual damages” measured as a percentage of sales. “Actual damages” and “prejudgment interest” are separate categories, as the district court correctly observed. Sanofi-Aventis, 748 F.Supp.2d at 297 (“Damages and interest are distinct categories of recovery.”). Prejudgment interest is awarded on actual damages in order to *1185 treat the injured party fairly. In Beatrice Foods Co. v. New England Printing & Lithographing Co., 923 F.2d 1576, 1580 (Fed.Cir.1991), the court explained that “prejudgment interest can only be applied to the primary or actual damage portion and not to the punitive or enhanced portion,” and that “prejudgment interest is designed ‘to compensate for the delay a patentee experiences in obtaining money he would have received sooner if no infringement occurred,’ while ‘on the other hand, damages are trebled as punishment,’ ” citing Paper Converting, 745 F.2d at 23. See also Gen. Motors, 461 U.S. at 655-56, 103 S.Ct. 2058 (“An award of interest from the time that the royalty payments would have been received merely serves to make the patent owner whole, since his damages consist not only of the value of the royalty payments but also of the forgone use of the money between the time of infringement and the date of the judgment.”); Roton Barrier, Inc. v. Stanley Works, 79 F.3d 1112, 1128 (Fed.Cir. 1996) (awarding actual damages plus prejudgment interest on the actual damages). The parties’ agreement that punitive damages would not be sought was not an agreement to forgo the standard award of interest on the actual damages.
This court must interpret the Settlement Agreement in accordance with the intent of the parties, as required by the law of New York. See, e.g., Greenfield v. Philles Records, Inc., 98 N.Y.2d 562, 750 N.Y.S.2d 565, 780 N.E.2d 166, 170 (2002) (“The fundamental, neutral precept of contract interpretation is that agreements are construed in accord with the parties’ intent.”); Snug Harbor Square Venture v. Never Home Laundry, Inc., 252 A.D.2d 520, 675 N.Y.S.2d 365, 366 (1998) (“In construing a contract, the document must be read as a whole to determine the parties’ purpose and intent, giving a practical interpretation to the language employed so that the parties’ reasonable expectations are realized.”). Under New York law, “[wjhere one interpretation is broader than another, courts should not apply the broader interpretation absent a clear manifestation of intent.” Bank of New York v. Amoco Oil Co., 35 F.3d 643, 662 (2nd Cir.1994). In Bank of New York the parties had agreed to limit “any recovery of damages” to no more than $550,000 and did not discuss prejudgment interest in the agreement, and the Second Circuit upheld the award of prejudgment interest such that the total amount exceeded $550,000, explaining that:
[Reasonable business people could not know with precision how the inclusion of prejudgment interest should affect the level of the cap on damages. After all, neither party could know with precision when final judgment would be rendered. ... Absent a clear intent to include prejudgment interest within the meaning of “damages,” we think that reasonable businesspeople faced with uncertainty over how much prejudgment interest there would be would exclude prejudgment interest from the meaning of “damages.”
35 F.3d at 662. The Second Circuit’s reasoning is applicable here; the New York district court correctly applied New York law. In contrast, this court’s decision is contrary to New York law, for the panel majority interprets the Settlement Agreement, by its silence concerning interest, as opting out of the general rule that interest is awarded despite the lack of any “clear manifestation of intent” to withhold interest.
Awarding prejudgment interest is not “a result counter to the general purpose of the agreement,” as the panel majority argues. Maj. Op. at 1179. The purpose of the Agreement is to state the measure of damages as a specified percentage of sales. That the parties, in a different section of *1186 the Agreement dealing with purchase of inventory, expressly provided for payment of interest on those purchases, does not support the panel majority’s theory, for prejudgment interest on sale of inventory is not the established rule, as is prejudgment interest on infringement damages. The district court correctly ruled that “the fact that the parties agreed on an interest rate for one obligation (see Settlement Agreement ¶ 10), but not for damages, does not vitiate Sanofi’s statutory right pursuant to section 284 to prejudgment interest.” Sanofi-Aventis, 748 F.Supp.2d at 297.
My colleagues err in reading the contract’s silence on interest for infringement as meaning that the parties intended and agreed to forgo the interest to which the patentee is entitled by statute and precedent. I must, respectfully, dissent.