■ LAS PALMERAS DE OSSINING RESTAURANT, INC., Appellant-Respondent, v MIDWAY CENTER CORPORATION, Respondent-Appellant. [968 NYS2d 118]—

In an action, inter alia, for a judgment declaring that the defendant breached its obligations pursuant to a lease between the parties by unreasonably delaying the repair and restoration of the subject premises subsequent to a fire, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (O. Bellantoni, J.), entered December 15, 2011, as denied those branches of its motion which were for summary judgment declaring that the defendant was obligated to repair and restore the subject premises and, in connection with the defendant's first counterclaim, in effect, declaring that the defendant did not properly terminate the lease, and the defendant cross-appeals from so much of the same order as granted that branch of the plaintiff's motion which was for summary judgment dismissing its eighth counterclaim, which was to recover damages for injury to property, and denied its cross motion for summary judgment on its first counterclaim declaring that it properly terminated the lease and, in connection with the first cause of action, declaring that the proper termination of the lease relieved it of the obligation to repair and restore the subject premises.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the defendant's cross motion for summary judgment on its first counterclaim declaring that it properly terminated the lease and, in connection with the first cause of action, declaring that the proper termination of the lease relieved it of the obligation to repair and restore the subject premises, and substituting therefor a provision granting the cross motion; as so modified, the order is affirmed, with costs to the defendant, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that the defendant properly terminated the lease and was consequently relieved of the obligation to repair and restore the subject premises.

The defendant is the owner of a commercial building in Ossining. A portion of the building was occupied by the plaintiff's restaurant. On March 9, 2009, a fire occurred at the building, causing substantial damage to the restaurant, and forcing the restaurant to close down. Thereafter, the defendant sent a notice to the plaintiff terminating its tenancy pursuant to the fourth paragraph of the lease, which was designated as the "fire clause." The fire clause provided, in pertinent part, that the landlord may, upon requisite notice, terminate the lease if the premises are "rendered totally untenantable by fire" and the landlord decides "not to restore or not to rebuild" the premises. The lease generally defines the "premises" leased by the plaintiff as the "restaurant, bar, and adjoining space," and provides that the premises were to be "used and occupied" by the plaintiff as "a family restaurant and bar lounge."

The defendant decided not to restore or rebuild the premises but, rather, to construct commercial office space in its place. Pursuant to the notice provisions of the fire clause, the defendant notified the plaintiff of its decision not to restore or rebuild the demised premises that were formerly occupied by the plaintiff's restaurant, and requested that the plaintiff vacate the premises.

The plaintiff commenced this action, alleging, in the first cause of action, that it was entitled to a judgment declaring that the defendant breached its obligations under the lease by unreasonably delaying the repair and restoration of the premises as a restaurant. The defendant asserted several counterclaims and included, as its first counterclaim, a cause of action for a judgment declaring, inter alia, that it had lawfully terminated the lease pursuant to its terms. The defendant's eighth counterclaim, which was to recover damages for injury to property, alleged that the plaintiff intentionally or recklessly caused the fire.

The plaintiff moved for summary judgment declaring that the defendant breached its obligations under the lease, in effect, declaring that the defendant did not properly terminate the lease, and dismissing the eighth counterclaim. The defendant cross-moved for summary judgment declaring that it properly terminated the lease and that, as a consequence, it was relieved of the obligation to repair and restore the premises.

The Supreme Court denied those branches of the parties' respective motion and cross motion which were for summary judgment in connection with the first cause of action and the first counterclaim, which sought opposing declarations as to whether the defendant was obligated to repair and restore the premises pursuant to the lease or whether the defendant lawfully terminated the lease pursuant to its terms. Although the court determined, in essence, that there was no triable issue of fact as to whether the fire had rendered the premises "untenantable," it concluded that there was a triable issue of fact as to "whether the landlord was *required* to rebuild the same premises as defined by the rider to the lease agreement." The plaintiff appeals, and the defendant cross-appeals.

"Interpretation of an unambiguous contract is a matter for the court" (*Snug Harbor Sq. Venture v Never Home Laundry*, 252 AD2d 520, 521 [1998]; *see Bethlehem Steel Co. v Turner Constr. Co.*, 2 NY2d 456, 460 [1957]). In interpreting a contract, "the document must be read as a whole to determine the parties' purpose and intent, giving a practical interpretation to the language employed so that the parties' reasonable expectations are realized" (*Snug Harbor Sq. Venture v Never Home Laundry*, 252 AD2d at 521; *see Queens Best, LLC v Brazal S. Holdings, LLC*, 35 AD3d 695, 697 [2006]). "A contract should not be interpreted in such a way as to leave one of its provisions substantially without force or effect" (*Queens Best, LLC v Brazal S. Holdings, LLC*, 35 AD3d at 697; *see Snug Harbor Sq. Venture v Never Home Laundry*, 252 AD2d at 521).

Here, the terms of the lease, specifically the fire clause, are not ambiguous (*cf. Queens Best, LLC v Brazal S. Holdings, LLC*, 35 AD3d at 697). The fire clause permits the defendant to terminate the lease if the premises are rendered untenantable by fire and the defendant decides not to rebuild the premises. The lease clearly defines the premises as comprising a restaurant and bar.

Contrary to the Supreme Court's determination, there are no triable issues of fact concerning the circumstances surrounding the defendant's termination of the lease pursuant to the fire clause. The parties do not dispute that the fire rendered the

premises untenantable within the meaning of the fire clause. The parties do not dispute that the defendant decided not to rebuild the premises as a restaurant but, rather, to install one or more offices in its place. Moreover, the plaintiff does not suggest that the defendant failed to comply with the notice provisions of the fire clause, and the record reveals that the defendant did comply with those provisions. Furthermore, under the circumstances of this case, the defendant's decision not to rebuild the demised premises as a restaurant and bar was reasonable, and there is no evidence of bad faith on the part of the defendant (*see Old Line Co. v Getty Sq. Dept. Store*, 66 Misc 2d 825, 828-829 [1971]; *cf. Adams Drug Co. v Knobel*, 64 NY2d 768-770 [1985]; *Mawardi v Purple Potato*, 187 AD2d 569, 569-570 [1992]). Consequently, the Supreme Court should have granted the defendant's cross motion.

The court properly concluded, however, that the plaintiff was entitled to summary judgment dismissing the eighth counterclaim, which sought to recover damages for injury to property, and alleged that the plaintiff intentionally or recklessly caused the fire. The plaintiff established its prima facie entitlement to judgment as a matter of law dismissing the eighth counterclaim by offering a report from a New York State certified fire investigator that the "the source of ignition" for the fire at the defendant's commercial building was "determined to be electrical," and that "[a]ll other sources of ignition [were] eliminated." In opposition, the defendant failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that the defendant properly terminated the lease and that, as a consequence, it is relieved of its obligation to repair and restore the subject premises as a restaurant and bar (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Balkin, J.P., Leventhal, Sgroi and Miller, JJ., concur.