■ GURINDER PAUL SARAN, Appellant, v CHELSEA GCA REALTY PARTNERSHIP, L.P., et al., Respondents. [50 NYS3d 463]—

In an action for a judgment declaring the rights of the parties with respect to certain leased premises, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Slobod, J.), dated May 21, 2015, as denied their motion, inter alia, for summary judgment on their counterclaims and, in effect, to preliminarily enjoin the plaintiff from remaining in the leased premises, and the plaintiff cross-appeals, as limited by his brief, from so much of the same order as denied that branch of his cross motion which was for summary judgment dismissing the defendants' counterclaims.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff is a tenant of the defendants, Chelsea GCA Realty Partnership, L.P., and CPG Partners, L.P. (hereinafter together the Landlord), in the Woodbury Common Premium

Outlets (hereinafter the Shopping Center), where the plaintiff operates an Au Bon Pain store in an approximately 2,600-square-foot space in the food court. As part of a renovation of the Shopping Center, the Landlord plans to demolish the existing food court and build a new one in a different location. The plaintiff's lease, which is set to expire on May 31, 2018 (hereinafter the lease), contains a relocation provision, Article XIV, stating, in part, that "in the event the Demised Premises consist of 1,500 square feet of space or less, Landlord shall be entitled to relocate [the plaintiff] as provided in the Article if Landlord determines that relocation of [the plaintiff] is in the best interest of the Shopping Center in the conduct of its business."

In December 2014, the Landlord, relying on Article XIV of the lease, notified the plaintiff of its intent to relocate him to the new food court area, and indicated that if the plaintiff elected to cancel the lease in lieu of accepting the Landlord's offer, he was required to so notify the Landlord within 10 days of his receipt of the notice. The plaintiff has steadfastly opposed the Landlord's right to invoke Article XIV and has refused to relocate or vacate the premises. The plaintiff commenced this action for a judgment declaring the parties' respective rights with respect to the lease.

A lease, like any other contract, should be interpreted according to the plain meaning of the language employed (*see Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470, 475 [2004]), and "courts should be extremely reluctant to interpret an agreement as impliedly stating something which the parties have neglected to specifically include" (*Rowe v Great Atl. & Pac. Tea Co.*, 46 NY2d 62, 72 [1978]; *Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d at 475 [internal quotation marks omitted]). Here, in light of the language used in Article XIV of the lease, as well as the undisputed fact that the subject premises consist of approximately 2,600 square feet, the Landlord has failed to establish, prima facie, that it had the right to relocate the plaintiff pursuant to Article XIV of the lease. Therefore, that branch of the Landlord's motion which was for summary judgment on its counterclaim for a judgment declaring that it was entitled to terminate the lease by reason of the plaintiff's breach of Article XIV was properly denied without regard to the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Alternatively, the Landlord contends that the plaintiff is in default under section 13.01 (f) of the lease, which defines as an

"Event of Default" any "default by [the plaintiff] or any affiliate of [the plaintiff] under any other lease with Landlord or any affiliate of Landlord." Specifically, the Landlord contends that another corporate entity owned by the plaintiff, which had entered into a short-term lease for a kiosk space within the Shopping Center (hereinafter the kiosk lease), defaulted under the terms of the kiosk lease, thereby automatically resulting in a cross-default by the plaintiff pursuant to section 13.01 (f) of the lease. However, in its submissions in support of its motion for summary judgment, the Landlord failed to eliminate triable issues of fact regarding the existence of a default under the kiosk lease. Moreover, the Landlord failed to establish, prima facie, that it was entitled as a matter of law to terminate the lease pursuant to section 13.01 (f) without giving prior notice of default to the plaintiff and without affording the plaintiff any opportunity to cure. Accordingly, that branch of the Landlord's motion which was for summary judgment on its counterclaim for a judgment declaring that it was entitled to terminate the lease by reason of the plaintiff's breach of section 13.01 (f) was properly denied without regard to the sufficiency of the plaintiff's opposition papers (see id. at 853).

The Supreme Court also properly denied that branch of the Landlord's motion which was, in effect, to preliminarily enjoin the plaintiff from remaining in the leased premises. A preliminary injunction will not be granted unless the movant first establishes: (1) a likelihood of ultimate success on the merits, (2) that irreparable injury will occur absent the granting of the preliminary injunction, and (3) a balancing of the equities in the movant's favor (see CPLR 6301). "[P]reliminary injunctive relief is a drastic remedy which will not be granted unless a clear right thereto is established under the law and the undisputed facts upon the moving papers, and the burden of showing an undisputed right rests upon the movant" (Hoeffner v John F. Frank, Inc., 302 AD2d 428, 429-430 [2003] [internal quotation marks omitted]). Applying these principles to the instant case, the Landlord has failed to establish its entitlement to the requested relief (see Kohn v Friedman, 71 AD3d 1095, 1096 [2010]; Abinanti v Pascale, 41 AD3d 395, 396 [2007]).

Turning to the cross appeal, the plaintiff, in cross-moving for summary judgment, failed to eliminate all triable issues of fact regarding the Landlord's allegations that he defaulted under section 13.01 (f) of the lease. Accordingly, that branch of the plaintiff's cross motion which was for summary judgment dismissing the Landlord's counterclaims was properly denied

without regard to the sufficiency of the Landlord's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853).

The plaintiff's remaining contentions either have been rendered academic in light of our determination or are not properly before us. Mastro, J.P., Chambers, Miller and Maltese, JJ., concur.