ZLT Green St. 189, LLC v Franco (2019 NY Slip Op 04230)





ZLT Green St. 189, LLC v Franco


2019 NY Slip Op 04230


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2017-01118
 (Index No. 17655/13)

[*1]ZLT Green Street 189, LLC, appellant, 
v
Ryan L. Franco, etc., et al., respondents.


Paneth & O'Mahony, PLLC, Brooklyn, NY (Michael Paneth of counsel), for appellant.
Morrison Mahoney LLP, New York, NY (Demi Sophocleous of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Bernard J. Graham, J.), dated January 5, 2017. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment on the cause of action for specific performance of a real estate contract.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action seeking, inter alia, specific performance of a real estate contract it contends its predecessor entered into with the defendants for the sale of certain real property in Brooklyn. A month after the predecessor executed the contract, he assigned all of his rights in the contract to the plaintiff consistent with the terms of the contract. The day before the scheduled closing of the sale of the subject property, the defendants' counsel contacted the plaintiff to request an adjournment to afford the defendants an opportunity to clear certain violations issued by the New York City Environmental Control Board (hereinafter ECB). The defendants did not reschedule the closing and later purported to terminate the contract on the ground that the cost of removing the ECB violations exceeded the amount they were contractually required to bear in their attempts to cure any violations.
This action ensued, and the plaintiff moved for summary judgment on the first cause of action, which seeks specific performance. The defendants, inter alia, opposed the plaintiff's motion. In an order dated January 5, 2017, the Supreme Court, among other things, denied the plaintiff's motion. The plaintiff appeals.
We agree with the Supreme Court's determination denying the plaintiff's motion for summary judgment on its cause of action for specific performance. The plaintiff failed to eliminate triable issues of fact as to whether it had a right to elect to accept title subject to the ECB violations such that the defendants could be compelled pursuant to the contract to transfer title (see Saran v Chelsea GCA Realty Partnership, L.P., 148 AD3d 1197, 1199). The documentary evidence submitted by the plaintiff in support of its motion for summary judgment, to wit, the pre-printed [*2]form contract and the two riders to the contract, failed to eliminate triable issues of fact as to which rider to the contract governs (see Queens Best, LLC v Brazal S. Holdings, LLC, 35 AD3d 695, 697). Since the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law, the burden never shifted to the defendants. Therefore, we need not examine the sufficiency of the defendants' opposition papers (see Saran v Chelsea GCA Realty Partnership, L.P., 148 AD3d at 1198).
RIVERA, J.P., ROMAN, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court